No. 638

PRYMAS v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6119. Feb. 26, 1925

460. EVIDENCE—The presumption that official ast are lawful, arises in absence of anything to the contrary.

20. CRIMINAL LAW. Should the jury be left to consider question of recommendation of mercy after they have agreed upon a verdict of murder in the first degree.

SAYRE, J.

Joseph Prymas was convicted of murder in the first degree in the Cuyahoga Common Pleas for the killing of a policeman while the latter was in the discharge of his duties. The trial court refused to allow the interrogation of a prospective juror with reference to his views as to a recommendation for mercy.

Error was prosecuted by Prymas and it was claimed that the refusal of the trial court was crror because while the ruling was in accord with State v. Ellis, 98 OS. 21, the decisions in Howell v. State, 102 OS. 411 and Rehfeld v. State, 102 OS. 431, changed the rule announced in State v. Ellis. The Court of Appeals held:

1. "The trial judge may not advise or direct the jury touching a recommendation of mercy, and if the judge may not do so why should counsel be permitted to commit the jurymen in advance, either one way or another, touching such recommendation?" State ·v. Ellis, 98 OS. 21.

2. In above case attention is called to the fact that while our statute provides that prejudice against capital punishment is a ground of challenge the statute does not make any provision with reference to recommendation of mercy.

3. While one of the reasons for the decision in State v. Ellis may have been rendered unavailing by the later decisions, yet the other reasons still remain. The case is still the law.

4. Was not necessary that any Shaker Heights ordinance be introduced, to show that the driver of the automobile containing Prymas and Holt, was violating it.

5. The presumption arose that the arrest of Prymas by the Hahnel, the policeman, was regular and legal. In absence of anything to the contrary, official acts are presumed to be lawful. Judgment of lower court affirmed.

Attorneys—Mooney, McCormack, Roth & Pollock for Prymas; E. C. Stanton for State; all of Cleveland.

Note: Motion to file petition in error, filed 3 Abs. 162; overruled 3 Abs. 233.